**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10189 |
| Plaintiff - Appellee, | D.C. No. CR-05-0321-SOM |
| v. | |
| JOEL BUENTIPO CASTILLO, | MEMORANDUM* |
| Defendant - Appellant. | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 1 2007

at 4 o'clock and 20 min P M
SUE BEITIA, CLERK

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted December 7, 2006
San Francisco, California

Before:   HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

Joel Buentipo Castillo appeals the district court's denial of his motion to suppress evidence and his conviction following his guilty plea to two counts of violating 21 U.S.C. § 841. Castillo contends that the district court erred in admitting evidence discovered during a search of his person because the warrant

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

authorized only the search of his residence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We agree with the district court that the officers had probable cause to arrest Castillo prior to the discovery of the drugs in his pocket.[2] Because the testimony regarding the timing of the discovery of the scale is inconsistent, the district court's decision not to rely on the scale in its probable cause determination is not erroneous. See United States v. McWeeney, 454 F.3d 1030, 1033 (9th Cir. 2006) (reviewing the district court's denial of a motion to suppress de novo and its factual findings underlying the denial of the motion for clear error).

"[E]ven in making a warrantless arrest an officer 'may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." Illinois v. Gates, 462 U.S. 213, 242

---

[1] Because the parties are familiar with the facts of the case, we do not recite them except to the extent necessary to aid in understanding this disposition.

[2] We share the district court's concern regarding the officers' attempts to rely on the search warrant for the residence to justify the search of Castillo's person. We therefore focus solely on whether the officers had probable cause to arrest Castillo such that the search was incident to a lawful arrest. See United States v. Jensen, 425 F.3d 698, 704 (9th Cir. 2005) ("The Fourth Amendment requires that a law enforcement officer have 'probable cause' to arrest an individual without a warrant."), cert. denied, 126 S. Ct. 1664 (2006).

(1983) (quoting <u>Jones v. United States</u>, 362 U.S. 257, 269 (1960)). The informant here was known to the officers, he had "a proven track record of reliability," and the information he previously had given involved the same type of criminal activity as the current information. <u>United States v. Rowland</u>, 464 F.3d 899, 908 (9th Cir. 2006); <u>see also</u> <u>United States v. Angulo-Lopez</u>, 791 F.2d 1394, 1397 (9th Cir. 1986) (stating that, "if the informant has provided accurate information" in the past, and the past information "involved the same type of criminal activity as the current information, the inference of trustworthiness is strong"). Thus, the combination of the information officers received from the informant, the controlled purchase, the fact that Castillo was found by the officers at the house where the controlled purchase took place, and Castillo's suspicious behavior once he was detained was sufficient to establish probable cause to arrest Castillo.

As a search incident to a lawful arrest, "a full search of the person" was per se reasonable. <u>United States v. Robinson</u>, 414 U.S. 218, 235 (1973). Pursuant to <u>Robinson</u>, the officers were entitled not only to search Castillo's person, but to

open the bottle found in his pocket.[3] See id. at 236 (holding that an officer was entitled to open a cigarette pack found in an arrestee's pocket); see also United States v. Hartz, 458 F.3d 1011, 1019 (9th Cir. 2006) (holding that where police had probable cause to arrest the defendant, a full search of his person was permissible as a search incident to arrest, so that the discovery of a list of stolen jewelry in his pocket was lawful); United States v. Rodriguez, 869 F.2d 479, 483-84 (9th Cir. 1989) (concluding that probable cause existed for a warrantless arrest, and that, incident to that arrest, officers were justified in opening a small container found on the arrestee's person). The district court accordingly did not err in admitting the evidence discovered during the search of Castillo's person.

**AFFIRMED.**

---

[3] We reject Castillo's contention that his case is controlled by United States v. Miles, 247 F.3d 1009 (9th Cir. 2001), which involved a stop pursuant to Terry v. Ohio, 392 U.S. 1 (1968). Unlike in Miles, the officers here already had probable cause to arrest Castillo. Thus, rather than the Terry-stop analysis of Miles, the search-incident-to-arrest analysis of Robinson applies.